Haweins, J.,
delivered the opinion of the Court.
The plaintiff, in error, was indicted in the Circuit Court of Blount County, at its June Term, 1866. The *103 indictment charges, that “Allen Vaughn, late of said county, on the 25th day of March, in the year of our Lord one thousand eight hundred and sixty-six, in the county aforesaid, feloniously, knowingly, willfully and voluntarily, did feed certain armed, prowlers, robbers and guerrillas, to-wit: Heart, Duncan, and others whose names are to the grand jurors aforesaid unknown, contrary to the form of the Statute, in such cases made and provided, and against the peace and dignity of the State.”.
“ The defendant demurred to the indictment, and among other grounds of demurrer, assigned the 'following: “The indictment does not allege that ‘the feeding of the persons charged to have been guerrillas, robbers and prowlers, was for the purpose of aiding and assisting them* in their unlawful and illegal objects/ ”
The demurrer was disallowed. The defendant plead “not guilty;” and at the September Term, 1866, of said Court, a trial w’as had, which resulted in the conviction of the defendant, and he w’as sentenced to imprisonment in the penitentiary of the State for the period of seven years. A motion for a new trial was made and overruled, and an appeal prosecuted, to this Court.
The question for our determination now, is: Does the indictment, with sufficient certainty, charge the .defendant with a violation of the criminal laws of the State?
The Attorney General insists, upon the part of the State, that, under the provisions of the 4th section *104 of the Act of May the 17th, 1865, entitled “An Act to punish all armed prowlers, guerrillas, brigands and highway robbers, and for other purposes,” if any person shall knowingly, willingly and voluntarily, feed any such person, or persons, as described in the previous sections of said Act, he is guilty of an offense against the criminal laws of the State, and upon conviction, is subject to the penalty imposed by that section.
The indictment is predicated upon that section. Its provisions are as follows: “That all persons who shall knowingly, willingly, and voluntarily feed any such person, or persons, as described in the previous sections of this Act; or furnish them information, for the purpose of aiding and assisting them in their unlawful and illegal objects, shall be deemed guilty of a felony; and on conviction thereof, shall be imprisoned in the penitentiary, for a period of not less than five years, nor more than twenty-one years.”
By reference to the previous sections óf the Act, it will he seen- the persons referred to in the 4th section are guerrillas, highway robbers, brigands, scouts, soldiers, and armed prowlers, to feed, or to furnish whom, with information, knowingly, willingly and voluntarily, for the purpose of aiding and assisting them in their unlawful and illegal objects, is, by said 4th section, declared to be a felony. The 1st section of the Act, in express terms declares, what shall be necessary, within the meaning of the Act, to constitute a guerrilla, highway robber and brigand. Its provisions are as follows: “That every man, or squad *105 of men, who may hereafter make inroads for plunder, upon the peaceable inhabitants of this State, and by force deprive them of their property, or endeavor so to deprive them by the alarm caused by their being armed, when in fact, he or they were not at the time part of any organized army, and sharing ■ continuously in its 'duties, but who sometimes return to their homes, with the assumption of the semblances of peaceful pursuits, divesting him or themselves of the appearance or character of soldiers, are hereby declared guerrillas, highway robbers, and brigands.”
Other persons, who may not fall within the description of guerrillas, highway robbers and brigands, as given in section one of said Act, ' are mentioned in the second section; the provisions of which are as follows: “That scouts, or single soldiers, if disguised in the dress of the country, or clothed in the uniform of either army, who shall willfully, maliciously and forcibly take from the possession or person of the peaceful citizens of the State, their property, by threats of violence, or the actual use of force and violence, and under the terror of arms, shall, upon conviction, suffer death by hanging.” „
And still by the 3d section of said Act, another class of persons is mentioned, not described or mentioned in either of the preceding sections. Its provisions are as follows: “That all armed prowlers, by whatever name they may be called, who shall willfully, maliciously and forcibly make an attack upon any one of the peaceable citizens of this State, for the purpose of robbing him or her, or of stealing *106 his or her property, or of killing him or her, shall, on conviction, suffer death by hanging.”
blow, it will he observed that this Act, in terms, by the provisions of the 1st section, declares who are guerrillas, highway robbers and brigands, and such only as are shown to fall within the description given in the Act itself, can be taken and held to be guerrillas, highway robbers, or brigands, within the sense and meaning of the Act.,
But the Act does not undertake to declare who are or shall be held' to be, within the meaning of the Act, scouts, soldiers, or armed prowlers — the several classes of persons mentioned in the second and third ’ sections. It merely declares that the persons mentioned in these sections, shall, upon conviction of certain specified acts mentioned therein, suffer death by hanging.
The Act under consideration, was passed during the existence in this country of a terrible civil war, when large hostile armies were in the field, at a time when the country was filled with straggling soldiers, marauders, and armed men, who were going about, singly and in squads, plundering the country, robbing and murdering the peaceable and defenseless citizens of the State. And the language of the Act must be construed with reference to the surrounding circumstances — the evils existing- at the time of its enactment, and the remedy intended to be provided. Aided by these rules, we construe the word “scouts,” as used in the second section of said Act, to mean, persons who, in times of war, are sent out to gain *107 information and bring in tidings of tlie movements and condition of the enemy. The word “soldier,” as used in the same section, means one who belongs to a regularly organized- body of combatants, and as such is engaged in the military service, either as an officer or private.
That the words “armed prowlers,” as used in the third section of said Act, means armed persons, (though called by some other name,) who are wandering or roving about over the country, for the purpose of plundering or robbing the people, or for the purpose of plunder.
A man falling within the description of a “guerrilla, highway robber, and brigand,” given in the Act, shall, according to the provisions of the first section, upon conviction, suffer death by hanging; but a man may be a scout or a soldier, “disguised in the dress of the country, or clothed in the uniform of either army,” or may even be an “armed prowler,” without, in any manner, violating the provisions of this Act, or subjecting himself to the punishment therein provided.
The office, duties and objects of a scout, or soldier, may be, nay, often are, not only lawful, but eminently honorable, patriotic, praiseworthy, and even necessary, however • perilous;' yet they are persons mentioned and described in one of the previous sections of this Act. Now, can it for one moment be believed, that the Legislature intended, by the fourth section of the Act, to declare, that whosoever should, knowingly, willingly, and voluntarily, feed a scout or *108 soldier, should he guilty of a felony, and, upon conviction, he imprisoned in the penitentiary. We think not. Yet, such must he the operation and effect of the Statute, if we give it the construction contended for. And we could not stop even at this point; hut every peaceable and order-loving citizen, who might feed any of the persons mentioned in the first, second, or third sections of the Act, for the purpose of procuring or aiding in their arrest, in order that they might he brought to punishment; and every person, whether a private citizen or a public officer, who, from motives of humanity, or the promptings of duty, should feed such persons after their arrest, would, also, be held and punished as felons. Surely, the Legislature intended no such thing. We, therefore, think the fourth section of said Act, must he construed as though it read, “that all persons who shall, knowingly, willingly, and voluntarily, feed any such persons, as described in the previous sections of this Act, for the purpose of aiding and assisting them in their unlawful and illegal objects, or who shall, knowingly, willingly, and voluntarily, furnish them information, for the purpose of aiding and assisting them in their unlawful and illegal objects, shall be deemed guilty,” etc.
Then, to constitute an offense, under said section, it is not enough that a person shall, knowingly, willingly and voluntarily, feed such persons as are mentioned in the previous sections of the Act; for, as we have already shown that may be done, not only innocently, but in the discharge of duty; but, to sub *109 ject the party to the pains and penalties of the Act, it must also he done in the language of the Act, “for the purpose of aiding and assisting them in their unlawful and illegal objects.”
It is insisted, by counsel for the plaintiff in error, that an indictment, under the fourth section of the Act under consideration, must state, specifically, the acts of which the persons mentioned in the previous section have been guilty, and with all the particularity which would be . necessary in an indictment against such persons, for such acts. We do not think so.
All that is necessary, is, that the indictment state such facts as are necessary to constitute the offense, and where the offense is one created by Statute, it is generally sufficient, and is, perhaps, the safer rule, to charge the offense in the language of the Statute. And, by reference again to the 4th section of the Act, it will be seen that all that is necessary to constitute the offense, is, that the party charged shall have, knowingly, &c., fed any such person, or persons, as are described in the previous sections of the Act, for the purpose of aiding and assisting them in their unlawful and illegal objects, or shall have given them information for such purpose.
The guilt of the accused, under the fourth section of the Act, does not depend upon the fact that any. of the persons described iü the previous sections, have been guilty of any of the offenses specially mentioned in the Act, and for which such persons shall suffer death, except so far as the same may be necessary to *110 constitute them, such persons as are described in the Act. Neither does it depend upon the fact that he knowingly and voluntarily fed such persons, or gave them information, for the purpose of aiding them in the commission of any of the particular offenses mentioned in the Statute.
The offense is complete, if he, knowingly, willingly, and voluntarily, fed such persons, or gave them information, for the purpose ,of aiding them in any unlawful purpose, or object whatever. Now, a man may be an “aimed prowler,” within the meaning of the Statute, without having committed any of the offenses enumerated in the third section of the Act, for which, upon conviction, he shall suffer death. And, by the fourth section, it is, in substance, declared, that if any person shall willingly and voluntarily feed an “ armed prowler,” or give him information, for the purpose of aiding him in his unlawful purposes, such person shall be guilty of a felony.
Other errors have been assigned in argument; but, as those arising upon the demurrer are decisive of the case, we do not deem it necessary to notice others.
The judgment of the Circuit Court will be reversed; the demurrer to the indictment allowed; and the prisoner will be remanded to' Blount County, to be proceeded against, or to be discharged.